# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TPO HESS HOLDINGS, INC., | Case No 13-\_\_\_\_\_ (\_\_\_) |
| Debtor. | Joint Administration Requested |
| Employer Tax I.D. Number: 20-5498243 | |
| In re: | Chapter 11 |
| TPO HESS INTERMEDIATE HOLDINGS I, INC., | Case No 13-\_\_\_\_\_ (\_\_\_) |
| Debtor. | Joint Administration Requested |
| Employer Tax I.D. Number: 20-54982965 | |
| In re: | Chapter 11 |
| TPO HESS INTERMEDIATE HOLDINGS II, INC., | Case No 13-\_\_\_\_\_ (\_\_\_) |
| Debtor. | Joint Administration Requested |
| Employer Tax I.D. Number: 20-5498364 | |
| In re: | Chapter 11 |
| THE PRESS OF OHIO, INC., | Case No 13-\_\_\_\_\_ (\_\_\_) |
| Debtor. | Joint Administration Requested |
| Employer Tax I.D. Number: 34-1473273 | |
| In re: | Chapter 11 |
| THE D.B. HESS COMPANY, | Case No 13-\_\_\_\_\_ (\_\_\_) |
| Debtor. | Joint Administration Requested |
| Employer Tax I.D. Number: 36-2737313 | |

| | |
|---|---|
| In re: <br><br> DBH ASSOCIATES – OHIO LIMITED PARTNERSHIP, <br><br> Debtor. <br><br> Employer Tax. I.D. Number: 36-3212683 | Chapter 11 <br><br> Case No 13-_____ (___) <br><br> Joint Administration Requested |
| In re: <br><br> DBH ASSOCIATES – ILLINOIS L.P., <br><br> Debtor. <br><br> Employer Tax I.D. Number: 36-385880 | Chapter 11 <br><br> Case No 13-_____ (___) <br><br> Joint Administration Requested |

## DEBTORS' MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION

TPO Hess Holdings, Inc. ("Holdings") and its affiliated debtors and debtors-in-possession (each a "Debtor" and collectively the "Debtors") hereby move (the "Motion"), pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to jointly administer their chapter 11 cases. In support of this Motion, the Debtors rely on the Declaration of Matthew Pascucci in Support of Chapter 11 Petitions and First Day Motions (the "First Day Declaration")[1] and respectfully state as follows:

## JURISDICTION

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper in this

---

[1] The First Day Declaration is being filed substantially contemporaneous with this Motion and is incorporated herein by reference.

- 2 -

district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing the instant cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee, examiner or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

5. Information regarding the Debtors' businesses, their capital and debt structure, and the events leading to the filing of the Chapter 11 Cases is contained in the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, consolidating the Chapter 11 Cases for procedural purposes only.

7. Many of the motions, applications, hearings and orders that will arise in the Chapter 11 Cases will jointly affect each Debtor.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of the Chapter 11 Cases.  In order to efficiently and economically administer the Chapter 11 Cases, the Debtors submit that such cases should be

jointly administered, for procedural purposes only, under the case number assigned to Debtor Holdings.

8. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for Holdings.

9. The Debtors further request that the caption for the Chapter 11 Cases be modified as follows to reflect their joint administration:

| In re: | Chapter 11 |
|---|---|
| TPO HESS HOLDINGS, INC., *et al.* | Case No 13-_____ (___) |
| Debtors. [1] | Jointly Administered |

10. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of the other Chapter 11 Cases, substantially as follows:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of TPO Hess Holdings, Inc., TPO Hess Intermediate Holdings I, Inc., TPO Hess Intermediate Holdings II, Inc., The Press of Ohio, Inc., The D.B. Hess Company, DBH Associates – Ohio Limited Partnership, and DBH Associates– Illinois L.P. The docket in the chapter 11 case of TPO Hess Holdings, Inc., Case No. 13-_____ (___), should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

11. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: TPO Hess Holdings, Inc. (8243); TPO Hess Intermediate Holdings I, Inc. (8295); TPO Hess Intermediate Holdings II, Inc. (8364); The Press of Ohio, Inc. (3273); The D.B. Hess Company (7313); DBH Associates – Ohio Limited Partnership (2683); and DBH Associates–Illinois L.P. (8880). The address of the debtors' corporate headquarters is 3765 Sunnybrook Road, Brimfield, Ohio 44240.

administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. LR 1015-1. In this case, all of the Debtors are "affiliates" of Holdings as that term is defined in section 101(2) of the Bankruptcy Code and, accordingly, this Court has the authority to grant the relief requested herein.

12. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in the Chapter 11 Cases. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Chapter 11 Cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include all of the Chapter 11 Cases in a single caption and docket for the numerous documents that are likely to be filed and served in these cases. Moreover, joint administration will enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court by monitoring a single docket.

13. The Debtors submit that joint administration of the Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is for procedural purposes only and does not affect substantive rights of the Debtors or their creditors. Because the Chapter 11 Cases involve seven (7) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly and minimize the number

of unnecessary delays.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

14. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and, therefore, should be granted.

## NOTICE

15. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors' first lien and second lien secured lenders; (iii) counsel to the agent under the Debtors' proposed debtor-in-possession credit facility; (iv) the holder of the forty (40) largest unsecured claims against the Debtors, on a consolidated basis; (v) the Debtors' cash management banks; (vi) the Internal Revenue Service; (vii) the United States Department of Justice; and (viii) the United States Environmental Protection Agency.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 22, 2013<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Ryan M. Bartley<br>Pauline K. Morgan (No. 3650)<br>Ryan M. Bartley (No. 4985)<br>Laurel D. Roglen (No. 5759)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Proposed Attorneys for the Debtors and the Debtors in Possession* |